In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00184-CR
_____

DESTRY THOMAS, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

On Appeal from the 411th District Court
Polk County, Texas
Trial Cause No. 22119
_____

MEMORANDUM OPINION

Destry Thomas is an inmate in the Texas Department of Corrections. While Thomas was serving his sentence on another conviction, he was indicted for the felony offense of "Harassment by Persons in Certain Correctional Facilities; Harassment of Public Servant." *See* Tex. Penal Code Ann. § 22.11 (West 2011). A jury found Thomas guilty. The jury found the enhancements true and assessed punishment at life in prison. At trial, Thomas chose to represent himself although the court appointed a stand-by attorney to assist him with his defense. Both during

the pretrial hearings and then at trial, Thomas admitted that he threw urine on the grievance investigator. He argued during the trial (against the advice of his stand-by attorney) that he intentionally threw urine on the grievance investigator so they would place him in a segregated population.

Thomas's original court-appointed appellate counsel filed a brief that presented counsel's professional evaluation of the record and concluded there are no arguable points of error. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted Thomas at least two extensions of time to file his pro se brief. On October 4, 2013, we noted that in granting Thomas's second motion for an extension of time, it would be a "final" extension, and that his pro se brief would be due November 27, 2013.

On October 8, 2013, Thomas filed a motion to have another attorney appointed to represent him on appeal. On October 16, 2013, Thomas filed a pro se motion requesting the trial court clerk's office to supplement the record with certain documents. On the same day, Thomas filed another motion for an extension of time to file his pro se brief, and argued that the extension was necessary pending the supplementation of the trial court clerk's record. This Court issued a letter requesting that the trial court clerk file a supplemental record in response to Thomas's request.

Thomas's original court-appointed appellate counsel was subsequently allowed to withdraw by the trial court due to a conflict of interest. The trial court then appointed Thomas a new appellate counsel.[1] On February 3, 2014, Thomas's new appellate counsel filed a letter stating that he was adopting the *Anders* brief of Thomas's former appellate counsel.

In response to Thomas's earlier request, a supplemental clerk's record was filed with this Court on February 10, 2014. On March 6, 2014, we sent Thomas a copy of the supplemental clerk's record and granted Thomas another extension of time to file a pro se brief. No response has been filed with this Court.

We reviewed the appellate record, and we agree with his court-appointed counsel that no arguable issues support an appeal. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); *cf. Stafford v. State*, 813 S.W.2d 503, 510-11 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[2]

AFFIRMED.

---

[1]Because the trial court appointed new appellate counsel, we need not address Thomas's pending motion requesting that appointment.

[2]Appellant may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

_____
LEANNE JOHNSON
Justice

Submitted on March 6, 2014
Opinion Delivered April 23, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.